IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARICELA GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:21-CV-256-KC |
| | § | |
| BALFOUR BEATTY | § | |
| COMMUNITIES, LLC | § | |
| | § | |
| Defendant. | § | |

## JOINT REPORT OF PARTIES' PLANNING MEETING

**TO THE HONORABLE KATHLEEN CARDONE, U.S. DISTRICT JUDGE:**

Plaintiff, Maricela Garcia ("Plaintiff" or "Garcia") and Defendant Balfour Beatty Communities, LLC ("Defendant" or "Balfour") file this Joint Report of Parties' Planning Meeting pursuant to Local Rule of Civil Procedure CV-16 and the Court's Standing Order on Pretrial Deadlines, and would respectfully show the Court as follows:

**Caption of Case:**   *Maricela Garcia v. Balfour Beatty Communities, LLC*

**Date Complaint Filed:**   August 31, 2021.  This case was originally filed in the 327th District Court in El Paso County, Texas.  Defendant removed this case to federal court on October 14, 2021.

**Date Complaint Served:**   September 16, 2021.

**Date of Defendant's Appearance:**   On October 7, 2021, Defendant answered Plaintiff's Original Petition in state court.

**Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule 16, a conference was held on November 22, 2021 by telephone. The participants were:**

John A. Wenke for Plaintiff Maricela Garcia.

Michael E. DePonte for Defendant Balfour Beatty Communities, LLC.

## I.  CERTIFICATION

The undersigned counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  JURISDICTION

**A.   Subject Matter Jurisdiction**

Defendant asserts that the Court has jurisdiction of this matter based on diversity of citizenship of the parties.  *See* 28 U.S.C. §§ 1332, 1441.  The case was removed to federal court on October 7, 2021.  Plaintiff does not contest subject matter jurisdiction.

**B.   Personal Jurisdiction**

Personal jurisdiction is not contested.

## III.  BRIEF DESCRIPTION OF CASE

**A.   Claims of Plaintiff**

Plaintiff was employed with Defendant since 2005.  On or about December 11, 2019, Plaintiff made a complaint of age discrimination regarding a newly hired supervisor who stated he was there to "clean house" and get rid of employees who had been there forever.  After the complaint, Plaintiff contends she was subjected to ongoing harassment and retaliation.  Plaintiff subsequently filed two charges of discrimination with the EEOC during her employment, was denied a promotion and disciplined twice.  On January 11, 2021 was terminated for alleged work order discrepancies.  No written termination notice was provided.   Plaintiff contends that the proffered reason for the termination was pretextual -- as it was the Plaintiff who advised management of fraudulent activities.  In fact Defendant was previously accused by the U.S. Government of engaging in fraudulent billing, and the true reason for the termination was age discrimination and / or retaliation for Plaintiff's prior complaints of age discrimination and retaliation.

**B.   Defendant's Defenses and Claims**

Defendant denies Plaintiff's claims in their entirety.  All employment actions taken by Defendant were made in good faith and based on legitimate, non-discriminatory, and non-retaliatory reasons.  Specifically, Plaintiff was discharged for failing to abide by Respondent's Code of Conduct and Work Order Management policy.

Defendant adopts and incorporates all defenses and affirmative defenses alleged in its Answer to Plaintiff's Original Petition as well as any supplements or amendments thereto.

C.  **Defenses and Claims of Third-Party Defendant(s)**

There are no third-party defendants participating in this action.

## IV.  STATEMENT OF UNDISPUTED FACTS

Counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their client.

1. Plaintiff was an employee of Defendant Balfour.

2. Plaintiff's employment with Defendant was terminated.

## V.  CASE MANAGEMENT PLAN

A.  **Standing Order on Pretrial Deadlines**

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows:

1. **Discovery.**  Pursuant to the Court's Standing Order on Pretrial Deadlines, discovery should be completed six months after the filing of the complaint.  The parties have agreed to make initial disclosures by **December 12, 2020**.  The parties request that the Order be modified to provide for discovery being completed by **October 14, 2022.**

B.  **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).  If a pretrial conference with the Court is set, the Parties prefer a conference by telephone.

C.  **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is not likely at this time.

D.  **Joinder of Parties and Amendment of Pleadings**

1. Plaintiff should be allowed until **July 15, 2022** to file motions to join additional parties and to file motions to amend the pleadings.

    2.    Defendant should be allowed until **July 30, 2022** to file motions to join additional parties and to file a response to the complaint.

**E.    Discovery**

    1.    The parties anticipate that discovery will be needed on the following subjects:

        A.    The parties propose to engage in written discovery, including interrogatories, requests for admissions, and requests for production, and depositions concerning Plaintiff's claims for alleged retaliation, unlawful termination, and damages, and the defenses asserted by Defendant, including but not limited to the defense that all of its actions were taken for legal, legitimate non-discriminatory, non-retaliatory reasons.

    2.    All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4) will be commenced by **December 1, 2021** and completed (not propounded) by **October 14, 2022.**

    3.    Discovery will not be conducted in phases.

    4.    Discovery will be completed by **October 14, 2022.**

    5.    The parties are unable to determine with certainty the number of depositions that they will be required to take. However, in the interest of providing the Court with some initial guidance on the matter, Plaintiff anticipates that she will require approximately 5 depositions of fact witnesses, and Defendant anticipates that it will require approximately 1 deposition of fact witnesses. The depositions will commence by **December 1, 2021** and be completed by **October 14, 2022.**

    6.    The parties will not request permission to serve more than 25 interrogatories.

    7.    At this point, Plaintiff does <u>not</u> anticipate calling expert witnesses at trial. In the event that she does, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **August 15, 2022.** Depositions of any such experts will be completed by **October 14, 2022.**

    8.    Defendant does not currently anticipate calling expert witnesses at trial. In the event that it does, Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **September 15, 2022** Depositions of any such experts will be completed by **October 14, 2022**

    9.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by **October 14, 2022.**

**F.** **Dispositive Motions**

Dispositive motions will be filed on or before November 7, 2022.

## VI.  TRIAL READINESS

The case will be ready for trial by February 28, 2023.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.


DATED:  November 22, 2021            Respectfully submitted,

By:  */s/ Michael E. DePonte*
Michael E. DePonte, Lead
State Bar No. 24001392
Michael.DePonte@jacksonlewis.com
Shelby M. Broaddus
State Bar No. 24096209
Shelby.Broaddus@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214)-520-2008

**ATTORNEYS FOR DEFENDANT**


By:  */s/ John A. Wenke*
State Bar No. 00788643
lawoffice@johnwenke.com
501 E. California Avenue
El Paso, Texas 79902
PH: (915) 351-8877
FX: (915) 351-9955

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas on November 22, 2021, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

      John A. Wenke
      501 E. California Avenue
      El Paso, Texas 79902
      Lawoffice@johnwenke.com

      */s/ Michael E. DePonte*
      Michael E. DePonte